JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar No. 13575
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
 (702) 388-6336
Steven.Rose@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 2:24-cr-0063-JCM-NJK |
| Plaintiff, | |
| v. | **Stipulation and Order to Continue Revocation Hearing** |
| GABRIELLE EMILIEN, | |
| Defendant. | **(First Request)** |

The parties, by and through the undersigned, respectfully request that the Court continue the revocation hearing currently set for November 26, 2024, to a date and time convenient to this Court in approximately 45 days. In support of this request, the parties state the following:

1.  On April 2, 2024, a grand jury in Nevada returned an Indictment charging Gabrielle Emilien (defendant) with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), (b)(1)(B)(i), (b)(1)(B)(viii), (b)(1)(C), and 846.

2. That same day, an arrest warrant was issued for defendant.

3. On April 3, 2024, defendant was arrested pursuant to that arrest warrant.

4. Defendant was later ordered released pending trial, with certain conditions, including the condition that she not unlawfully use or possess a narcotic drug or other controlled substance.

5. On November 12, 2024, the Pretrial Services Office filed an amended petition outlining defendant's conduct while on pretrial supervision.

6. That same day, the Honorable Judge Maximiliano D. Couvillier, III., ordered defendant detained until a bed was available at an inpatient drug treatment program.

7. On November 18, 2024, Judge Couvillier, III., received documentation that a bed was available for defendant as of November 19, 2024, and ordered her released to that inpatient facility (West Care).

8. On November 21, 2024, the parties were made aware that defendant was present West Care and beginning her treatment. At this time, it is unknown the precise length of the treatment program, but the parties' understanding is that defendant's treatment will extend beyond November 26, 2024.

9. The parties are concerned that removing defendant from her inpatient program so early in the program may have a detrimental impact on her efforts to achieve and maintain sobriety. As such, the parties are requesting that the currently scheduled revocation hearing be continued for approximately 45 days, in order to allow defendant to complete her inpatient program.

10. Denial of this request could result in a miscarriage of justice. This continuance will allow counsel for defendant to meet with and consult her client, and ensure

defendant is medically able to participate in his initial appearance, arraignment and plea, and detention hearing. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 (h)(7) and (h)(7)(A), when considering the factors under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (vi).

Respectfully submitted this 21st day of November, 2024.

JASON M. FRIERSON
United States Attorney

/s/ Steven J. Rose                              /s/ Mace Yampolsky
STEVEN J. ROSE                              MACE YAMPOLSKY
Assistant United States Attorney    Counsel for Defendant,
                                                         GABRIELLE EMILIEN

```
JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar No. 13575
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
```
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 2:24-cr-00063-JCM-NJK |
| Plaintiff, | **Order Approving Stipulation to Continue Revocation Hearing** |
| v. | |
| GABRIELLE EMILIEN, | |
| Defendant. | |

Based on the pending stipulation of the parties, and upon the Court's finding of good cause, IT IS HEREBY ORDERED:

### **FINDINGS OF FACT**

1. The parties agree to the continuance.

2. The defendant is currently receiving inpatient care for substance abuse concerns, and the parties are concerned about the negative impacts of removing defendant from that treatment program so early in the treatment process.

3. The additional time requested herein is not sought for purposes of delay, but to facilitate defendant's treatment.

4. Additionally, denial of this request for a continuance could result in a miscarriage of justice. The requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 (h)(7), and 3161(h)(7)(A), considering the factors under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (vi).

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interests of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would potentially interfere with defendant's receipt of medical care.

The time from the continuance sought herein is excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7), and 3161(h)(7)(A), when considering the factors under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv).

## ORDER

IT IS HEREBY ORDERED that the revocation hearing currently scheduled for November 26, 2024, be vacated and continued to January 15, 2025, at 10:00 a.m.

DATED: November 25, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

2