UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GABRIELLE EMILIEN,<br><br>    Defendant. | Case No. 2:24-cr-00063-JAD-NJK<br><br>**ORDER GRANTING<br>MOTION TO WITHDRAW<br>AS COUNSEL** |

COMES NOW the defendant, GABRIELLE EMILIEN, by and through her attorney of record, MACE J. YAMPOLSKY, Esq., and hereby seeks leave of Court to withdraw as counsel for EMILIEN because counsel is resigning from the CJA Panel to begin retirement.  Counsel has discussed this matter with CJA Resource Counsel for the District of Nevada, who agrees the appointment of substitute CJA counsel would be appropriate. Also, The court has also appointed Rachael Stewart on this case This motion is based on LR IA 11-6(b), RPC 1.16(b), the pleadings and papers on file herein, and any argument to be entertained by the Court.

DATED this __ day of October, 2025.


By: /s/ Mace J. Yampolsky
MACE J. YAMPOLSKY, ESQ.
Counsel for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

The undersigned must seek to withdraw as counsel for defendant GABRIELLE EMILIEN due to counsel resigning from the CJA Panel to commence retirement. Counsel currently maintains a home office, but because the instant representation is likely remain ongoing for many months, substitute CJA counsel should be appointed. This constitutes good cause for withdrawal, and EMILIEN's interests will only be adversely affected if counsel does not withdraw. Under RPC 1.16, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the client's interests, or if, "[o]ther good cause for withdrawal exists." Counsel's withdrawal from the CJA Panel hinders counsel's ability to continue to provide the necessary defense herein.

Ms. Emilien entered a plea on September 30th. She has been conditionally accepted in the RISE program. The court appointed Assistant Federal Public Defender Jennifer Yim to supervise the status checks. There is nothing more for counsel to do in the instant case.

During the course of representation, counsel has endeavored to marshal CJA resources and prepare a defense in such a way that will minimize any disruptions associated with transition to new counsel, so the substitution of counsel should not create any unnecessary hindrance or delay. Appointing new CJA counsel for EMILIEN must be done to avoid material adverse effects on EMILIEN's interests. If new CJA counsel is appointed, counsel will remain available to assist in the transition so as not to delay or materially affect EMILIEN's rights. Accordingly, counsel's retirement and departure from the CJA Panel constitutes good cause for appointing new CJA counsel for EMILIEN.

**IT IS SO ORDERED**
Dated: October 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2